UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYLEE THUNDER,<br><br>Defendant. | 5:21-CR-50003-RAL<br><br>OPINION AND ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE |

On September 8, 2021, this Court sentenced Defendant Tylee Thunder to 52 months of imprisonment for possession of an unregistered firearm followed by three years of supervised release. Doc. 40. At the time of the sentencing, Thunder was in Criminal History Category VI with a guideline range of 51 to 63 months. The retroactive change to § 4A1.1(e) of the United States Sentencing Commission's Guidelines Manual has the effect of placing Thunder in Criminal History Category V, where his guideline range would have been 46 to 57 months.

Thunder filed a Motion for Reduction in Sentence, Doc. 44, proposing a reduction to a 47-month sentence, one month above the bottom end of the amended guideline range. The United States does not contest Thunder's eligibility to be considered for a sentence reduction but resists any reduction in Thunder's sentence due to his dangerousness and behavior issues in custody. Doc. 47. Thunder has filed a reply arguing for the proposed sentence reduction. Doc. 48. This Court, of course, exercises its independent judgment on whether to grant a sentence reduction and the extent of any such reduction.

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two, § 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

Id. at 821 (quoting U.S.S.G. S 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in § 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points.

2

On August 24, 2023, the Commission decided that this change would apply retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e) and the analysis set forth in Dillon, Thunder meets the criteria for such a reduction. With that reduction, he gets 1 status point instead of 2, and has a total of 12 rather than 13 criminal history points. That places him in Criminal History Category V and reduces the advisory Guideline range to 46 to 57 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Turning to step two, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Under the "Background" to U.S.S.G. § 1B1.10, "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." In the context of First Step Act reductions, the Eighth Circuit has ruled that "[o]nce a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." United States v. Burnell, 2 F.4th 790, 792 (8th Cir. 2021) (citing United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020)); see United States v. Young, 555 F.3d 611, 614 (7th Cir. 2009).

Subject to the limits set forth in § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a

3

defendant's sentence. <u>Dillion</u>, 560 U.S. at 821–22. Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

18 U.S.C. § 3553(a).

The nature and circumstances of Thunder's offense were quite troubling. On October 31, 2020, police stopped a vehicle Thunder was driving because it had a fictitious paper license posted. Thunder gave a false name to the police, and open alcohol containers were visible in the vehicle. A search of the vehicle revealed a sawed-off rifle with a pistol grip in a blue bag behind the driver's seat. The sawed-off rifle had ammunition in it, a total of 49 rounds of .22 caliber ammunition was within the vehicle, and Thunder's clothes were in the blue bag with the short-barrel, unregistered sawed-off rifle. Plus, a syringe found under the driver's seat tested positive for methamphetamine, and the blue bag tested positive for methamphetamine residue. Thunder had at least two prior felony offenses, so he not only was unlawfully in possession of an unregistered firearm, but also was prohibited from possessing any firearm due to his prior felony convictions and evident illegal drug use. There was no evidence that Thunder had used the short-barrel rifle in furtherance of any other crime.

Thunder's personal history and characteristics include being raised by a single mother in Rapid City who ended up serving a prison term, which resulted in Thunder being in his

4

grandmother's care between ages five and nine. Thunder struggled with ADHD and possibly other mental health issues as a child, had fair performance in high school through his 11th grade year, and worked sporadically in manufacturing jobs. Thunder's prior criminal record appears to be alcohol-related offenses. Both of the offenses characterized as felonies are driving under the influence (DUI) convictions, and he appears to have five DUIs total, together with some assault offenses that appear alcohol related. He was young—just 26—at the time of his sentencing, with a grade-school aged son from a prior relationship. Having been writted out of state custody, he was detained during the pendency of his federal case. Thunder is a young man with potential in need of a major change in his life to be successful, leaving alcohol, drugs, and guns behind him.

The remaining sentencing factors of seriousness of the offense, promotion of respect for the law, just punishment, adequate deterrence, and protection of the public justify little reduction from the prior sentence. The United States notes in its response that public safety considerations may include considering the post-sentencing conduct or situation of the defendant, whether positive or negative, and gives information on Thunder's disciplinary record. Doc. 47 at 4–7. The Eighth Circuit has recognized that in evaluating a sentence reduction, a judge may consider post-conviction developments. See United States v. Darden, 910 F.3d 1064, 1067 (8th Cir. 2018) (opining "nothing prohibits a court from considering new facts that it had no opportunity to address the first time around"). Similarly, application note 1(B)(iii) to § 1B1.10 also directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the [original] term of imprisonment." U.S.S.G. 1B1.10, cmt. n.1(B)(iii). The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in § 1B1.10(b).

Some courts in the Eighth Circuit have denied sentence reductions because of a defendant's disciplinary problems. See, e.g., United States v. Boyd, 835 F.3d 791, 792 (8th Cir. 2016) (affirming denial of sentence reduction where district court had cited defendant's "extensive criminal history and record of misconduct while incarcerated, which included over thirty disciplinary violations" and had "[e]mphasiz[ed] the nature and seriousness of the danger to a person or the community that may be posed by a reduction in [defendant's] term of imprisonment"); see also United States v. Harris, No. 20-3264, 2021 WL 5272693, at *2 (8th Cir. Nov. 12, 2021) (unpublished) (affirming denial of motion upon review of details of defendant's conduct, including disciplinary data); United States v. Tofiga, 807 F. App'x 597, 598 (8th Cir. 2020) (unpublished) (affirming district court grant of motion and sentence reduction to middle of new guidelines range, based in part on disciplinary infractions while incarcerated); United States v. Rivera-Moreno, 692 F. App'x 305, 307 (8th Cir. 2017) (unpublished) (affirming denial of reduction for inmate who, though eligible for sentence reduction, had "five disciplinary reports while incarcerated, including destroying property, refusing to obey an order, and assault without serious injury").

Thunder's Inmate Discipline Data report shows two disciplinary issues, including a July 25, 2023 incident of "possessing a hazardous tool" and a March 17, 2022 incident of "assaulting [without] serious injury." Doc. 46 at 1. While these two disciplinary instances are concerning, Thunder's history of disciplinary issues does not, under the circumstances, disqualify him from a modest sentence reduction. As his counsel notes, Thunder received sanctions from the Bureau of Prisons (BOP) for the behavior. Doc. 46 at 1; see Doc. 48 at 3. Thunder to his credit has actively taken classes while in BOP custody. Doc. 46 at 2.

Retroactive application of the recent guidelines changes places Thunder in Criminal History Category V with a guidelines range of 46 to 57 months. This Court had imposed a 52-month sentence when the guidelines range was 51 to 63 months. To a certain extent, a motion of this nature prompts a sentencing judge to ponder what he or she would have imposed if in fact the guideline range had been lower at the time of sentencing, mindful of what an inmate's behavior has been in custody. Here, this Court deems a sentence of 49 months to be sufficient but not more than necessary under the § 3553(a) factors. Therefore, it is

ORDERED that Thunder's Motion for Reduction in Sentence, Doc. 44, is granted to the extent that the sentence is lowered from 52 months to 49 months of incarceration. It is further

ORDERED that the Probation and Pretrial Services Office prepare an Amended Judgment in a Criminal Case reflecting a sentence reduction from 52 to 49 months but making no other changes to the terms of the prior Judgment in a Criminal Case.

DATED this 5th day of March, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE